Enkela PORO, Aleksander Poro,
Elisabeta Poro Petitioners,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Attorney General Alberto
R. Gonzales,[1] Respondents.

Nos. 04–1606–AG(L), 04–1609–AG(CON),
04–1610–AG(CON).

United States Court of Appeals,
Second Circuit.

Dec. 28, 2005.

Charles Christophe, New York, New
York, for Petitioner.

Kathleen M. Mehltretter, Acting United
States Attorney for the Western District

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

90

of New York, Mary E. Fleming, Assistant United States Attorney, Buffalo, New York, for Respondent.

present: Hon. Jon O. NEWMAN, Hon. Richard C. WESLEY, and Hon. Peter W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this consolidated petition for review of a decision of the Board of Immigration Appeals ("BIA") and the Respondent's motion to dismiss the petition, it is hereby OR-DERED, ADJUDGED, AND DECREED that the motion to dismiss is granted in part and the petition for review is DE-NIED.

Aleksander, Elisabeta and Enkela Poro, citizens of Albania, petition for review of a final order of the BIA affirming an immigration judge's ("IJ") decision, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The Government argues in its motion to dismiss that this Court cannot reach the merits of Aleksander and Elisabeta Poro's asylum claims, because the Court lacks jurisdiction to reassess the agency's findings as to the timeliness of Aleksander's application. The INA states, in pertinent part, that: "[n]o court shall have jurisdiction to review any determination of the Attorney General," 8 U.S.C. § 1158(a)(3), concerning the timeliness of an alien's application for asylum, see 8 U.S.C. § 1158(a)(2)(B). However, the REAL ID Act states that:

nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be con-

strued as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D). The plain language of this provision allows this Court to review a determination by the agency concerning the timeliness of an alien's application for asylum if constitutional claims or questions of law are raised.

■ The IJ ruled that Aleksander had failed to provide credible testimony as to the reasons why his asylum application was late, and, as such, the IJ concluded that he had failed to establish that there were extraordinary or changed circumstances sufficient to excuse his failure to file within one year of arrival. Because these factual determinations did not involve a constitutional claim, nor a question of law, this Court lacks jurisdiction to reassess them, and the Government's motion to dismiss the petition for review as to Aleksander and Elisabeta Poro's asylum claims is thus granted.

■ The Government also argues that the Poros have not exhausted their withholding of removal or CAT claims, as they did not challenge the IJ's denial of these claims before the BIA. The Poros did not challenge the IJ's denial of their CAT claims, and they are thus barred from raising the issue on appeal to this Court. See 8 U.S.C. § 1252(d)(1) (discussing exhaustion requirement); Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004) (per curiam) (explaining that exhaustion requirement is jurisdictional). In their filings with the BIA, however, the Poros, have adequately preserved their withholding of removal claims. As such, the Government's motion to dismiss is not granted on that ground.

This Court reviews the agency's factual findings, including adverse credibility de-

terminations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

This Court has jurisdiction to review the IJ's credibility determination inasmuch as it was the basis upon which Enkela Poro's derivative asylum claim was denied. This Court also has jurisdiction to review the IJ's credibility determination as it was the basis for the denial of the Poros' withholding of removal claims.

■ The IJ's finding that the medical report dated October 5, 2000 was contrary to Aleksander Poro's testimony as to the events was a "specific, cogent reason" weighing against his credibility. *See Secaida–Rosales*, 331 F.3d at 307. Aleksander testified that he did not go to the hospital until October 7, 2000, and the medical report is dated October 5, 2000. Additionally, the reasons Aleksander offered for this discrepancy do not explain it. This discrepancy thus "bear[s] a legitimate nexus" to the IJ's finding, as it concerns details surrounding one of the major events upon which Aleksander premised his claim, the October 2000 detention and beating that he allegedly suffered because of his political affiliation. *See id.* As such, the IJ's adverse credibility determination on this basis is supported by substantial evidence. *See Zhou Yun Zhang*, 386 F.3d at 73.

The IJ's decision that Aleksander's testimony had "generalities and vagueness regarding some specific aspects of the claim" is also supported by substantial evidence. This Court has noted that an applicant's testimony at a hearing is "too vague" if it does not identify facts corresponding to each of the elements of one of the "refugee" categories of the immigration statutes, as interpreted by the BIA and the federal courts. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003) (discussing *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61 (2d Cir.2002)). Three instances of vagueness that the IJ noted were that Aleksander: (1) did not know who the individuals were who had attacked him in August 1999; (2) gave only a generalized recount, without offering evidence of political animus, as to his October 2000 detention; and (3) gave no information regarding who was behind the alleged shooting at his shop. As such, by not offering concrete facts to demonstrate that any of these events were motivated by his political affiliation, Aleksander was vague as to how he had suffered past persecution on account of political opinion, or how it is more likely than not that his "life or freedom would be threatened" because of his political opinion. *See* 8 C.F.R. § 208.16(b)(1).

The additional reasons the IJ noted for his adverse credibility decision were that: (1) others who were politically active in the Democratic Party could "live and work and operate freely without harm," and (2) Elisabeta testified that neither she nor Aleksander were members of the Youth Orthodox Alliance, in contradiction to documentary evidence and her husband's testimony. Aleksander was questioned and confirmed that, to his knowledge, the leader of a local chapter of the Democratic Party was not subject to attacks based on his role, and, as such, the IJ's conclusion was not mere "speculation." *See Secaida–Rosales*, 331 F.3d at 307, 312. In addition, since this apparent disparity in treatment of the two men could call into question whether Mr. Poro had actually suffered

from attacks on the basis of his political opinion, it cannot be said that "any reasonable adjudicator would be compelled to conclude to the contrary." *See Zhou Yun Zhang*, 386 F.3d at 73 n. 7 (citation omitted).

■ As the IJ's adverse credibility determination was based on substantial evidence, the IJ properly denied Enkela Poro's asylum claim. The IJ's adverse credibility determination was also a proper ground upon which to deny the Poros' withholding of removal claims, as that relief requires a higher burden of proof. The petition for review is DENIED. The Government's motion to dismiss is granted as to Aleksander and Elisabeta's asylum claims, and as to all of the Poros' CAT claims.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).